**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-10995

KIRK TEDFORD,

Plaintiff-Appellant-Cross-Appellee,

versus

BENCHMARK INSURANCE COMPANY; FUTURE
EQUIPMENT CO.,

Defendants-Appellees-Cross-

Appellants

Appeals from the United States District Court
for the Northern District of Texas
(4:00-CV-1695-BE)

June 17, 2002

Before WIENER and DENNIS, Circuit Judges, and DUPLANTIER,* District Judge.

PER CURIAM:**

 Plaintiff Kirk Tedfo rd was a participant in an employee welfare benefit plan ("the plan")

sponsored by his employer, defendant Future Equipment Company, Inc. ("Future Equipment"). The

plan is governed by the Employee Retirement Income Security Act (ERISA)(29 U.S.C. §1001 et

seq.), and is covered by a group policy underwritten by defendant Benchmark Insurance Company

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4. ("Benchmark"), issued through the National Healthcare Trust, and administered by Corporate Benefit Services of America, Inc. ("CBSA"), an independent third-party contractor which serves as ERISA plan administrator for numerous plans. Discretionary authority for processing and settling claims of participants and beneficiaries under the plan was duly delegated to CBSA.

While covered by the plan, Tedford wrecked his motorcycle in a single vehicle accident at about midnight of the day in question and sustained severe injuries. Shortly after being airlifted to a hospital, Tedford's blood and urine were tested, revealing the presence of amphetamines, opiates, benzodiazepines, and alcohol. Tedford's blood alcohol level was 142 mg/dL; the laboratory report noted that levels in excess of 100 mg/dL fall in the "may be intoxicated" range. In the exercise of the delegated discretion, CBSA denied Tedford's claims of more than $220,000 for medical bills and expenses. That decision was grounded in the plan provision that states "Benchmark shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician." CBSA denied Tedford's claim after reviewing only written reports and records.

In pursuing an administrative appeal of the denial of benefits, Tedford's attorney wrote a letter to CBSA stating that "Kirk Tedford was not under the influence of narcotics when he was injured " and that "[a]ny narcotics in his system were a result of medication" administered after the accident. Tedford's counsel also advised CBSA that "Kirk Tedford was not intoxicated, and any alcoholic beverage he consumed prior to his injuries did not cause those injuries." CBSA denied the administrative appeal.

Tedford then filed the instant action against his employer and Benchmark, the insurer, to

2

recover for his medical bills and expenses. Only then did Benchmark investigate Tedford's representations that any narcotics in his system were administered by medical personnel after the accident, a fact confirmed by the expert retained by Benchmark.

The district court granted the defendants' motion for summary judgment.

# I

## SUMMARY JUDGMENT

We have reviewed <u>de</u> <u>novo</u> the appellate record in this summary judgment case, carefully considering the applicable facts, as well as the law as set forth in the opinion of the district court, the briefs of the parties, and the oral arguments of counsel. As a result, we are convinced that the district court was correct in all of its rulings and in its grant of summary judgment in favor of the defendants.

A. <u>Standard of Review</u>

Initially, Tedford urged the district court to review the plan administrator's determination <u>de</u> <u>novo</u>. Tedford advanced this position despite the fact of the plan's delegation of discretionary authority to CBSA and the settled law that in reviewing interpretation by a plan administrator vested with discretion, courts can consider only such evidence as was available to the administrator and must review it under the deferential, abuse-of-discretion standard. In ERISA cases, that standard requires that all interpretations of the plan and determinations of eligibility for benefits by the plan administrator be affirmed unless found to be arbitrary or capricious.[1]

B. <u>Conflict of Interest</u>

Tedford asserted that Benchmark or CBSA, or both, have conflicts of interest in this matter.

---

[1]See <u>Firestone Tire & Rubber Co. v. Bruch,</u> 489 U.S. 101, 113-15, 109 S.Ct. 948 (1989); <u>Estate of Bratton v. National Union Fire Insurance Co.</u>, 215 F.3d 516 (5th Cir. 2000).

Tedford is incorrect. Benchmark remains an ERISA fiduciary but is bound to pay or deny claims based on CBSA's discretionary calls. CBSA is an arm's-length contractor, wholly independent of Future Employment and Benchmark. CBSA does not labor under any conflict of interest for purposes of ERISA, and thus is not subject to the sliding scale analysis under the rubric of our opinion in Vega v. National Life Ins. Servs.[2] The district court correctly determined that Tedford has demonstrated no legal or factual basis for claiming that any such conflict of interest was present.

C. Investigation

The district court was also correct in rejecting Tedford's claims of inadequate investigation by CBSA and lack of factual support of its ruling. We agree with the court's ultimate legal conclusion that "the summary judgment record does not demonstrate that Defendants acted arbitrarily and capriciously or committed an abuse of discretion in determining that Tedford's injuries were a consequence of circumstances that render him ineligible for coverage."

We need not address the remainder of Tedford's contentions; suffice it to say that we are not persuaded that the district court erred in rejecting those contentions and dismissing Tedford's action.

**II**

**ATTORNEYS' FEES**

As counter-appellants, the defendants seek reversal of the district court's refusal to award them attorneys' fees and costs pursuant to §502(g) of ERISA. (29 U.S.C. §1132(g)(1)). We review the district court's denial of defendants' request for attorneys' fees for abuse of discretion. Lain v. Unum Life Insurance Co., 279 F.3d 337, 343 (5th Cir. 2002).

---

[2] 188 F.3d 287 (5th Cir. 1999)(en banc).

In analyzing defendants' request for attorneys' fees, the district court applied the five factors announced in Iron Workers Local No. 272 v. Bowen[3]:

(1) The degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorney's fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

"No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying secion 502(g)." Id.

The first Bowen factor examines the degree of the opposing party's culpability or bad faith. The district court concluded that there was no evidence that Tedford acted in bad faith, but the court did not conduct a detailed analysis of Tedford's culpability, despite the disjunctive nature of the first Bowen factor. However, it is readily apparent that the district court considered and rejected the conclusion that Tedford was culpable. In evaluating his claims, the district judge concluded that Tedford presented "legitimate, albeit ultimately unsuccessful complaints regarding the way in which his case was handled, the completeness of the administrative record, and the manner in which his concerns and those of his attorney were addressed." Such complaints are not frivolous in nature. Additionally, in analyzing the third Bowen factor, i.e., whether an award of fees would deter persons

_____

[3]624 F.2d 1255, 1266 (5th Cir. 1980).

5

acting under similar circumstances, the district court noted that that factor "carries less force because there is no finding of bad faith or culpability so that there is less negative behavior for an award of fees to deter." Considering the district court's opinion as a whole, and the deference to which the district court's decision is entitled, the court did not abuse its discretion in concluding that the first factor did not weigh in defendants' favor.

We note that although the first factor is phrased disjunctively ("culpability or bad faith") the definitions of the terms "culpability" and "bad faith" are similar, and there is apparently no Fifth Circuit precedent explaining the difference, if any, between the two terms in this context. As used in *Bowen*, 624 F.2d at 1266, the terms may have been used synonyomously.

As for the second factor ( the ability of the opposing party to satisfy an award of attorneys' fees,) the district court correctly concluded that this factor did not weigh in favor of an award of attorneys' fees. The record contains no evidence indicating that Tedford, faced with significant unreimbursed medical expenses, has the resources to satisfy an award of attorneys' fees.

Considering our analysis of the merits of Tedford's claims, there can be no doubt that the district court correctly weighed the fifth Bowen factor in favor of defendants.

The district court also concluded that the third factor (whether an award of attorneys' fees against the opposing party would deter persons acting under similar circumstances) weighed in favor of an award of attorneys' fees. However, the district court accorded that factor less weight in ultimately determining defendants' entitlement to attorneys' fees, concluding that Tedford's lack of bad faith or culpability meant that there was "less negative behavior for an award of fees to deter." We find no fault in that analysis. In Harms v. Cavenham Forest Industries., Inc., 984 F.2d 686, 694 n.12 (5th Cir. 1993), this court recognized that where there is a "lack of any bad faith or culpability"

6

in the pursuit of the claim for ERISA benefits "the deterrent purpose that the third *Bowen* factor purports to serve" is inapplicable.

Defendants concede that the fourth <u>Bowen</u> factor has little relevance. Accordingly, we do not consider it.

The district court concluded "that the collective circumstances do not favor an award of attorney's fees." We find that the district court did not abuse its discretion in denying an award of attorneys' fees.

We AFFIRM the judgment of the district court